# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**WEST RANKIN UTILITY AUTHORITY**　　　　　　　　　　　　　　**PLAINTIFF**

**VS**　　　　　　　　　　　　　　　　**CAUSE NO.:3:15cv435 DPJ-FKB**

**CITY OF JACKSON**　　　　　　　　　　　　　　　　　　　　　**DEFENDANT**

## CITY OF JACKSON'S
## ANSWER AND AFFIRMATIVE DEFENSES

**COMES NOW** Defendant, City of Jackson (hereinafter referred to as "City") pursuant to the Federal Rules of Civil Procedure, files this Answer and Affirmative Defenses to the Complaint filed against them in the above-styled cause and states as follows:

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted and therefore, should be dismissed with prejudice.

### Second Affirmative Defense

The Plaintiff failed to comply with any and all statutory, administrative and procedural pre-requisites before filing suit.

### Third Affirmative Defense

The Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and should therefore be dismissed with prejudice with all costs assessed against the Plaintiff.

### Fourth Affirmative Defense

The Plaintiff's Complaint is barred by the doctrines of laches, res judicata, collateral estoppel, and unclean hands and therefore, should be dismissed with prejudice.

### Fifth Affirmative Defense

The Plaintiff's claims are barred, in whole or in part, by the principles of waiver and/or estoppel and therefore, should be dismissed with prejudice with all costs assessed against the Plaintiff.

### Sixth Affirmative Defense

At all times material to the Complaint, the City acted reasonably and in accordance with the law and did not breach any duty which may have been owed to Plaintiff, whether contractual, common law, state or federal statutory law.

### Seventh Affirmative Defense

The City reserves all statutory and/or indemnity rights it may have against all others whether parties to this action or not.

### Eighth Affirmative Defense

The City denies that any of its actions and/or omissions caused the Plaintiff harm or special harm.

### Ninth Affirmative Defense

The City denies each and every allegation in which the Plaintiff seeks to impose liability upon them, whether expressly denied herein or not.

### **Tenth Affirmative Defense**

The Plaintiff's claims against the City are prohibited by prevailing Federal and State Law and all other applicable defenses thereto as is alleged to have arisen out of the acts, practices, policies or procedures of a government entity.

### **Eleventh Affirmative Defense**

The City asserts all other affirmative defenses to which it may be entitled, including contributory negligence, estoppel, fraud, illegality, res judicata, collateral estoppel, statute of frauds and waiver.

### **Twelfth Affirmative Defense**

The City affirmatively denies that the Plaintiff sustained any damages as alleged in the Plaintiff's Complaint.

### **Thirteenth Affirmative Defense**

Any damages sustained by the Plaintiff were solely and proximately caused and/or contributed to by the unforeseeable, intervening or superseding causes and/or other causes attributable to persons, entities or events with respect to which the Defendants had neither control, right to control, duty to control or any other legal relationship whatsoever.

### **Fourteenth Affirmative Defense**

The Plaintiff had a duty to use reasonable care to mitigate damages, if any. Any injury, damage, or deprivation alleged or suffered by the Plaintiff was the result of the Plaintiff's failure to act reasonably to avoid or mitigate such injury, damage or deprivation.

### Fifteenth Affirmative Defense

The City hereby asserts the defenses of sovereign immunity, qualified immunity and any other immunity available under federal or state law.

### Sixteenth Affirmative Defense

At all times material to the Complaint, the City used the degree of care required of them under law and is not liable in damages, if any, to the Plaintiff.

### Seventeenth Affirmative Defense

The Plaintiff failed to exhaust all available administrative and/or other judicial remedies before filing the instant action.

### Eighteenth Affirmative Defense

The City affirmatively aver that the Plaintiff is not entitled to an award of compensatory damages, pre-judgment and post-judgment interest, attorneys' fees, costs of suit and for such other and further relief.

### Nineteenth Affirmative Defense

The actions or inactions on the part of the Plaintiff was the sole, proximate and only cause of the incident complained of and the alleged damages sustained by the Plaintiff, if any.  Alternatively, the actions or inactions on the part of the Plaintiff amounted to an intervening cause and as such, constitute the sole, proximate cause of the incident complained of and the damages sustained by Plaintiff, if any.

### Twentieth Affirmative Defense

If the actions or inactions on the part of the Plaintiff was not the sole, proximate and only cause of the incident complained of and the alleged damages sustained by the Plaintiff, if any, the actions or inactions on the part of the Plaintiff caused and contributed to the incident of and the damages sustained by the Plaintiff, if any, and any

4

damages which the Plaintiff would otherwise be entitled, must be reduced in degree and to the proportion that the action or inaction of the Plaintiff caused or contributed to the incident.

## Twenty-First Affirmative Defense

The Plaintiff's claims against the City are prohibited because the claim upon which such is based arises out of the exercise or performance of a discretionary function or duty and as such, the City is immune from liability.

## Twenty-Second Affirmative Defense

Without waiving any other affirmative defense, the City affirmatively pleads and allege that they are not responsible for the intentional acts, if any, by agents, representatives or employees of the City or any other Defendant toward the Plaintiff and that any alleged intentional acts of any agent, representative or employee of the City and/or any other Defendant, if any, were not reasonably foreseeable by the City.

## Twenty-Third Affirmative Defense

The City asserts any and all other defenses available to them under Miss. Code Ann. §85-5-7 and §11-1-65.

## Twenty-Fourth Affirmative Defense

The City hereby reserves the right to assert additional defenses which may become available or apparent upon further investigation and discovery into the matters alleged in this civil action and reserves the right to amend their answers to assert any such defenses.

Without waiving any of the defenses stated herein, the City of Jackson Defendants respond to the allegations contained in the Complaint, paragraph by paragraph, as follows:

## PARTIES

1. Without waiver of any of its defenses herein, the City admits, upon information and belief, that the Plaintiff is a political subdivision of Mississippi as contained in Paragraph 1 of the Complaint.

2. The City admits that it is a Municipality with its principal place of business located at 219 South President Street and that service of the City Clerk is proper as contained in Paragraph 2 of the Complaint. However, the City denies that it is liable whatsoever to the Plaintiff.

## JURISDICTION AND VENUE

3. The City denies the allegations in Paragraph 3 of the Complaint.

4. The City denies the allegations in Paragraph 4 of the Complaint. Further, the City states that venue is proper in the Federal District Court for the Complaint specifically pleads matters pertaining to the "Consent Decree".

## FACTS

5. The City admits that it entered into a wastewater treatment agreement with Plaintiff as contained in Paragraph 5 of the Complaint. However, the City of Jackson denies that it is liable whatsoever to the Plaintiff.

6. The City admits that it entered into a wastewater treatment agreement with Plaintiff as contained in Paragraph 6 of the Complaint. However, the City denies that it is liable whatsoever to the Plaintiff.

7. The City admits that it entered into a wastewater treatment agreement with Plaintiff as contained in Paragraph 7 of the Complaint. However, the City denies that it is liable whatsoever to the Plaintiff.

8. The City denies the allegations in Paragraph 8 of the Complaint as phrased, and specifically denies that the Plaintiff is entitled to any recovery whatsoever against the City of Jackson.

9. The City of Jackson is without sufficient information to admit or deny the allegations in Paragraph 9 of the Complaint and therefore denies same.

10. The City of Jackson admits that it is under orders by federal and state regulatory authorities for corrections to the wastewater treatment facility as contained in Paragraph 10 of the Complaint. However, the City denies that it is liable whatsoever to the Plaintiff.

10(a). The City of Jackson admits that an agreed order was entered between the Mississippi Commission on Environmental Quality and the City of Jackson contained in Paragraph 10(a) of the Complaint. However, the City of Jackson denies the remaining allegations contained in Paragraph 10(a) of the Complaint as phrased.

10(b). The City of Jackson admits that there is a Consent Decree between the United States Environmental Protection Agency (EPA) and the City of Jackson as contained in Paragraph 10(b) of the Complaint. However, the City of Jackson denies the remaining allegations contained in Paragraph 10(b) of the Complaint as phrased.

10(c). The City of Jackson admits that there is a Consent Decree between the United States Environmental Protection Agency (EPA) and the City of Jackson as contained in Paragraph 10© of the Complaint. However, the City of Jackson denies that it is liable whatsoever to the Plaintiff.

11. The City of Jackson denies the allegations contained in Paragraph 11 of the Complaint as phrased, except to admit, upon information and belief, that the City of Jackson entered into a wastewater treatment agreement.

12. The City of Jackson admits that it entered into a wastewater treatment agreement with Plaintiff, but denies the remaining allegations of Paragraph 12 of the Complaint as phrased. Further, the City denies that it is liable whatsoever to the Plaintiff.

13. The City of Jackson is without sufficient knowledge to admit or deny the allegations contained in Paragraph 13 of the Complaint, and therefore denies same.

## RELIEF SOUGHT

### *Declaratory Judgment*

14. The City of Jackson denies the allegations contained in Paragraph 14 of the Complaint, and specifically denies that the Plaintiff is entitled to any recovery whatsoever against said Defendant.

15. The City of Jackson denies the allegations contained in Paragraph 15 of the Complaint, and specifically denies that the Plaintiff is entitled to any recovery whatsoever against said Defendant.

16. The City of Jackson denies the allegations contained in Paragraph 16 of the Complaint, and specifically denies that the Plaintiff is entitled to any recovery whatsoever against said Defendant.

17. The City of Jackson denies the allegations contained in Paragraph 17 of the Complaint, and specifically denies that the Plaintiff is entitled to any recovery whatsoever against said Defendant.

18. The City of Jackson denies the allegations contained in Paragraph 18 of the Complaint, and specifically denies that the Plaintiff is entitled to any recovery whatsoever against said Defendant.

### *Breach of Contract*

19.     The City of Jackson denies the allegations contained in Paragraph 19 of the Complain, and specifically denies that the Plaintiff is entitled to any recovery whatsoever against said Defendant.

20.     The City of Jackson denies the allegations contained in Paragraph 20 of the Complaint, and specifically denies that the Plaintiff is entitled to any recovery whatsoever against said Defendant.

21.     The City of Jackson denies the allegations contained in Paragraph 21 of the Complaint.

22.     The City of Jackson denies the allegations contained in Paragraph 22 of the Complaint, and specifically denies that the Plaintiff is entitled to any recovery whatsoever against said Defendant.

23.     The City of Jackson denies the allegations contained in Paragraph 23 of the Complaint, and specifically denies that the Plaintiff is entitled to any recovery whatsoever against said Defendant.

AND NOW, having fully and completely answered the Complaint and allegations filed against it, the City of Jackson specifically denies that the Plaintiff is entitled to any relief whatsoever against said Defendant.  Further, the City of Jackson requests that the Complaint be dismissed and that the City be awarded its attorney's fees, costs and all other appropriate relief.

Respectfully submitted this the 18th day of June 2015.

CITY OF JACKSON, MISSISSIPPI

BY:     /s/LaShundra Jackson-Winters
        LaShundra Jackson-Winters, MSB #101143

          Deputy City Attorney
          Terry Williamson, MSB #8639
          Legal Counsel

OF COUNSEL:

Monica Joiner, City Attorney
MSB #102154
OFFICE OF THE CITY ATTORNEY
455 East Capitol Street
Post Office Box 2779
Jackson, Mississippi 39207-2779
Office:   601-960-1799
Facsimile:  601-960-1756

## CERTIFICATE OF SERVICE

  The undersigned certifies that she has this day transmitted via electronic mail through ECF electronic filing, a true and correct copy of the foregoing Answer and Affirmative Defenses to the following:

> Keith W. Turner, Esq.
> Betty Ruth Fox, Esq.
> Rebecca Lee Wiggs, Esq.
> WATKINS & EAGER, PLLC
> 400 East Capitol Street
> Jackson, Mississippi 39201
> *Attorney for Plaintiff*

So certified, this the 18th day of June, 2015.

           /s/ LaShundra Jackson-Winters
          LASHUNDRA JACKSON-WINTERS